[Civ. No. 50707. Second Dist., Div. Four. Aug. 31, 1977.]

ROBERT E. HALES et al., Plaintiffs and Appellants, v.
OJAI VALLEY INN AND COUNTRY CLUB,
Defendant and Respondent.

## COUNSEL

Mallen & Cabrinha and Neal A. Cabrinha for Plaintiffs and Appellants.

Young & Briggs and Donald L. Briggs for Defendant and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—Plaintiffs appeal from an order dismissing their complaint, after an order sustaining, without leave to amend, a demurrer to that complaint. We reverse the order.

The first cause of action is by plaintiff Hales, alleging a violation of the Unruh Civil Rights Act (Civ. Code, § 51);[1] the second cause of action is by Hales, seeking damages for false advertising; the third cause of action is by plaintiff Losner, alleging a violation of the Unruh Act.[2] All three causes of action seek both general and punitive damages. Since the briefs on appeal discuss only whether the complaint states any cause of action at all, we do not, on this appeal, reach the adequacy of the pleading as to the punitive damage claim.

---

[1]"All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, or national origin are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

"This section shall not be construed to confer any right or privilege on a person which is conditioned or limited by law or which is applicable alike to persons of every sex, color, race, religion, ancestry, or national origin."

In view of the provisions of the last paragraph of section 51, and the pleadings in this case, we do not consider how· far, if at all, a nondiscriminatory dress code may be enforced.

[2]No demurrer on the ground of improper joiner was interposed; we do not consider the propriety of including the claims of both plaintiffs in one complaint.

I

The first cause of action alleges that defendant conducts and conducted a public establishment for the service of food and drink. It then alleges: (1) that plaintiff Hales is a member of the male sex; (2) that he entered defendant's place of business, with his family, desiring to purchase food and drink; (3) that he was "attired in a leisure suit"; (4) that he was told that he could not be served unless he wore a tie; and (5) that, at that time, food and drink were being served "to female patrons who were similarly attired in leisure suits."

Based on those allegations, he alleges that he was the victim of discrimination because of sex.

In *Stoumen* v. *Reilly* (1951) 37 Cal.2d 713 [234 P.2d 969], the California Supreme Court recognized the right of homosexuals to obtain food and drink in a bar and restaurant under the Unruh Civil Rights Act, saying (at p. 716): "Members of the public of lawful age have a right to patronize a public restaurant and bar so long as they are acting properly and are not committing illegal and immoral acts; the proprietor has no right to exclude or eject a patron 'except for good cause,' and if he does so without good cause he is liable in damages. (See Civ. Code, §§ 51, 52)."

The definitive interpretation of the Act was made in the case *In re Cox* (1970) 3 Cal.3d 205 [90 Cal.Rptr. 24, 474 P.2d 992], when the California Supreme Court unanimously prohibited shopping centers from excluding individuals who wore long hair or unconventional dress. The court said (at p. 217): "In holding that the Civil Rights Act forbids a business establishment generally open to the public from arbitrarily excluding a prospective customer, we do not imply that the establishment may never insist that a patron leave the premises. [Fn. 12 omitted.] Clearly, an entrepreneur need not tolerate customers who damage property, injure others, or otherwise disrupt his business. A business establishment may, of course, promulgate reasonable deportment regulations that are rationally related to the services performed and the facilities provided."

*In re Cox* constructed the Unruh Act as prohibiting only arbitrary discrimination, not all discrimination. ■ Whether the requirement that men wear ties but women need not is arbitrary or reasonable turns not on the bare facts pleaded by Hales but upon other facts. It requires a factual showing as to what is meant by the term "leisure suit" and by a

factual determination, based on the nature of defendant's establishment and on local community standards of dress for both sexes. Those are facts that can only be determined on trial and not on demurrer. Although, on a special demurrer, plaintiff may well, in the discretion of the trial court, be required to allege some of those facts in more detail, the first cause of action is sufficient to indicate the nature of plaintiff's contention. The general demurrer should not have been sustained.

## II

Hales' second cause of action alleges as follows:

### "II

"On or about March 15, 1976, Plaintiff received from Defendant, OJAI VALLEY INN AND COUNTRY CLUB, a brochure advertising its services 'in friendly surroundings in the Vista Room, Garden Room, and the Toppa Room,' as follows:

'Sports and casual clothes are in order during the day. A warm sweater or wrap is suggested for the evenings which are frequently cool. Gentlemen are requested to wear jackets and ties to dinner.'

### "III

"Plaintiff was induced by said advertising claim to reserve two rooms from Defendant, OJAI VALLEY INN AND COUNTRY CLUB for one week for use as a family vacation site.

### "IV

"Defendant's advertising claim was false, in that Defendant did not merely 'request' men to wear jackets and ties to dinner, but actually required men, including Plaintiff, to wear a jacket and tie as a condition to serving them food and drink.

### "V

"At the time Defendant, OJAI VALLEY INN AND COUNTRY CLUB made said advertising claim, it did not intend to merely 'request' men to wear a jacket and tie, but intended to require men to wear a jacket and tie. If Plaintiff had known Defendant, OJAI VALLEY INN AND COUNTRY CLUB'S

true intention, he would not have made reservations with Defendant for his family vacation."

A cause of action based on deceit-false advertising must allege: (1) a misrepresentation; (2) knowledge of falsity by the representor; (3) intent to deceive; and (4) reliance and resulting damage. (3 Witkin, Cal. Procedure (2d ed. 1971) § 573, pp. 2210-2211.) Tested by those rules, we conclude that the second cause of action sufficiently alleged enough facts to withstand a general demurrer. Hales alleges a misrepresentation, intent to deceive, and reliance on the false advertisement. That is enough. Whether the statement in the brochure was sufficient to put Hales on notice that defendant's dress code might, in fact, be stricter than therein set forth is a matter of defense, to be raised by answer and not by demurrer.

### III

The so-called third cause of action is by plaintiff Losner, on his own behalf. It alleges:

### "II

"On August 21, 1976, Plaintiff entered the OJAI VALLEY INN Cocktail Lounge to purchase a drink to be consumed on the premises. Plaintiff requested a drink, but Defendants refused him service since he was without a coat and tie. During this time, while Plaintiff was on the aforementioned premises, drink such as Plaintiff wished to order was sold and served to female patrons who were not wearing coats and tie, and who were attired in a fashion similar to Plaintiff.

### "III

"Defendants, and each of them, refused to serve food and drink to Plaintiff as aforesaid, and denied to Plaintiff the services, advantages, accomodations [sic], facilities, and privileges provided to other persons as aforesaid, solely on account of Plaintiff's sex. As a proximate result of the wrongful act of Defendants, Plaintiff has been generally damaged in the sum of Five Thousand Dollars ($5,000.00) and is entitled to recover further statutory damages in the sum of Two Hundred Fifty Dollars ($250.00) as provided in Section 52 of the Civil Code."

■ For the same reasons that we held Hales' first cause of action to be sufficient as against a general demurrer, we hold that Losner has stated a sufficient cause of action.

The judgment (order of dismissal) is reversed.

Dunn, J., and Jefferson (Bernard), J., concurred.